

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MAUREEN GEORGE, individually, | No. 68909-6-I |
| Appellant, | DIVISION ONE |
| v. | |
| PROPERTY DEVELOPMENT CORPORATION, a Washington corporation, and WALLACE PROPERTIES, INC., a Washington corporation, | UNPUBLISHED OPINION |
| Respondents. | FILED: August 12, 2013 |

SCHINDLER, J. — Maureen George appeals summary judgment dismissal of her personal injury lawsuit against Property Development Corporation and Wallace Properties, Inc. We affirm.

Maureen George moved to the Le Chateau apartment complex in Bellevue in 2002. Wallace Properties, Inc. was the property manager for the apartment complex. In May 2004, Wallace Properties purchased new outdoor furniture for use on the patio at the apartment complex swimming pool. The outdoor furniture consisted of four or five tables with matching chairs. As part of routine maintenance, Wallace Properties inspected and cleaned the tables and chairs during the summer on a daily basis.

In July 2008, when George sat in one of the outdoor chairs, the chair broke, and George fell backwards, striking her head on a concrete wall. Assistant property manager Ron Coyle took photographs of the broken chair from several different angles. Coyle secured the broken chair in a locked utility room for safekeeping with a note that stated, "Do Not Remove." In early 2009, Coyle sent an e-mail to his supervisor emphasizing the importance of preserving the chair "if this became a litigation case."

In February 2009, the owner of Le Chateau replaced Wallace Properties and hired a new property management company, Sherron Associates, Inc. In mid-March, Coyle sent an e-mail to Sherron Associates explaining the significance of retaining the chair.

On July 22, 2009, the attorney representing George sent a letter to the property manager for the Le Chateau apartment complex asking to inspect the broken chair. An insurance adjuster told the attorney that the chair could not be located, but provided the photographs of the broken chair.

On May 25, 2011, George filed a personal injury lawsuit against Property Development Corporation and Wallace Properties, Inc. George alleged Property Development owned and operated the Le Chateau apartment complex and Wallace Properties managed, supervised, and maintained the apartment complex. George asserted Property Development and Wallace Properties negligently maintained, inspected, and failed to repair the outdoor furniture used by the residents. George also

alleged Property Development and Wallace Properties negligently failed to preserve the broken chair.

Wallace Properties filed a motion for summary judgment dismissal. Wallace Properties argued that the uncontroverted evidence established that it had no actual or constructive notice about the condition of the chair that broke. Property Development joined the motion for summary judgment dismissal, and presented evidence showing that Monte Villa Properties, LLC owned the apartment complex.

In opposition, George argued that the failure to preserve the broken chair created a material issue of fact. The trial court granted summary judgment and dismissed the lawsuit against Wallace Properties and Property Development. George appeals.

We review summary judgment de novo and engage in the same inquiry as the trial court. Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. CR 56(c).

A defendant can move for summary judgment by showing that " 'there is an absence of evidence to support the [plaintiff]'s case.' " Young v. Key Pharm., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the defendant shows an absence of evidence to establish the plaintiff's case, the burden then shifts to the plaintiff to set forth specific facts showing a genuine issue of material fact for trial. Young, 112 Wn.2d at 225. While we construe all evidence and reasonable inferences

in the light most favorable to the nonmoving party, if the plaintiff " 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' " summary judgment is proper. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002); Young, 112 Wn.2d at 225 (quoting Celotex, 477 U.S. at 322).

In a negligence action, a plaintiff must prove (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996).

A landowner has a duty to maintain common areas in a reasonably safe condition. Iwai v. State, 129 Wn.2d 84, 91-92, 915 P.2d 1089 (1996).

A landowner is liable for harm caused to a tenant by a condition on the land if the landowner "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to tenants." Mucsi v. Graoch Assocs. Ltd. P'ship No. 12, 144 Wn.2d 847, 855, 31 P.3d 684 (2001) (citing RESTATEMENT (SECOND) OF TORTS § 343 (1965)). In applying the knowledge requirement, "Washington law requires plaintiffs to show the landowner had actual or constructive notice of the unsafe condition." Iwai, 129 Wn.2d at 96.

Here, because the uncontroverted evidence established that Property Development did not own the property, Property Development did not owe a duty to George. And because the uncontroverted evidence also established that Wallace

Properties had no actual or constructive notice that the chair presented an unsafe condition, Wallace Properties did not owe a duty to George.

We affirm summary judgment dismissal of the lawsuit against Property Development and Wallace Properties.

WE CONCUR: